**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

PANDA WINDOWS & DOORS, LLC, a Nevada Limited Liability Company,

Plaintiff

v.

YRC, INC. d/b/a YRC FREIGHT, a foreign Corporation; FREIGHTQUOTE.COM, INC., a foreign Corporation; DOES 1 – 20; ROE ENTITIES 1- 20;

Defendants.

Case No. 2:15-cv-01959-APG-CWH

**Order Rejecting Joint Pretrial Order**

(ECF No. 18)

The parties' proposed Joint Pretrial Order (ECF No. 18) does not comply with Local Rule 16-4. For example, in section VII(a), the parties do not stipulate to the admission of any exhibits, but in section VII(b)(1)—which requires the parties to list any stipulations to exhibits—the parties list several exhibits without stating what stipulations have been reached. Thus, it is impossible to determine what exhibits, if any, each side will offer at trial and whether any exhibits are stipulated into evidence. *See* Local Rule 16-3(c).

In section VII(c)(1), the defendant objects to "[a]ny exhibit that Plaintiff offers as proof of damages other than the original invoice for the eight planes (sic) of glass." Yet the plaintiff has not listed any exhibits and the defendant does not state the grounds for its objection. *See* Local Rule 16-3(b)(8)(B). In section VII(c)(2), the plaintiff objects to the "MTI Inspection Report" despite the fact that it is listed as an apparent stipulation in the incorrectly-labeled section VII(b)(1). Nor does the plaintiff state the grounds for its objection to that document. *Id.*

In section VIII(a), the plaintiff lists the "Person Most Knowledgeable" from its own company. At this point, the plaintiff should know who its own witness will be. Similarly, listing the "Person Most Knowledgeable" at the defendant's company or a non-party is improper, especially given that there is no description of what that witness will have knowledge of and

testify about. This makes it impossible for the other party to prepare for trial. The defendant's list suffers from these same or similar maladies.

Further, both parties improperly attempt to "reserve the right" to call all witnesses identified by the parties in discovery. Parties are required to disclose their specific trial exhibits and witnesses and cannot "reserve their rights" or refer vaguely to "all persons identified." The proposed Joint Pretrial Order contains additional inadequacies; I do not care to catalog those for the parties.

Local Rule 16-3 requires the parties to personally discuss these and other issues. The requirements set forth in Local Rules 16-3 and 16-4 are designed to streamline the trial preparation and presentation, and to foster settlement. The proposed Joint Pretrial Order does not comply with those rules. Accordingly,

IT IS ORDERED that the parties' Joint Pretrial Order (**ECF No. 18) is REJECTED.** The parties shall personally confer as required in Local Rule 16-3 and submit a Joint Pretrial Order that complies with Local Rule 16-4 within 14 days of entry of this Order.

Dated: this 10th day of August, 2016.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE